**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED

2006 SEP 18 A 10: 23

OSCAR MANUEL REYES PASTÉN, )
)
)     C.A. No. _____
Petitioner, )     2:06cv832-MHT
)
vs. )
)
FLAVIA CECILIA RUIZ VELÁSQUEZ, )
)
Respondent. )

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**REDACTED**

**REGISTRATION OF FOREIGN DETERMINATION OF
ACCESS RIGHTS TO CHILD**

Oscar Manuel Reyes Pastén ("Reyes") asks the Court to register the attached child custody determination documents in accordance with Section 30-3B-305 of the Code of Alabama, and shows the following:

1.     Reyes is the biological father of ███████████████ ("RMRV"),[1] a minor child. Reyes's current address is ██████████, San Felipe, Quinta Region, Chile.

2.     Flavia Cecilia Ruiz Velásquez ("Ruiz") is RMRV's biological mother. The Court must provide Ruiz with notice of this registration in accordance with Section 30-3B-305 of the Code of Alabama because she has custody of RMRV. On information and belief, Ruiz and RMRV reside at ████████████ in Montgomery, Alabama.

3.     On October 30, 2003, the Juvenile Court of San Bernardo, Santiago,

---

[1] In accordance with General Order No. 2:04-mc-3228, the minor's full name is included in a sealed copy of this Registration filed with the Court, but is redacted in the publicly available version. The same procedure is followed for other personal data identifiers described in General Order No. 2:04-mc-3228. Only the minor's initials are used in the remainder of this Registration.

Chile issued an order granting Reyes access rights to RMRV. Two sets of true and correct certified copies of the October 30, 2003 order, and the official translation thereof, are attached as **Exhibits A and B**, respectively.

4.    On July 26, 2004, the Court of Appeals of Valdivia, Chile – a competent Chilean court with appropriate jurisdiction – issued a final order granting Reyes rights of access to RMRV. The July 26, 2004 order affirmed the rights of access granted to Reyes by the October 30, 2003 order. Two sets of true and correct certified copies of the July 26, 2004 order, and the official translation thereof, are attached as **Exhibits C and D**, respectively.

5.    In accordance with Section 30-3B-305 of the Code of Alabama, Reyes asks the Court to register the above-referenced Chilean court orders, and their official translations, in the State of Alabama.

6.    Reyes hereby declares under penalty of perjury that, to the best of his knowledge and belief, the attached Chilean court orders have not been modified.

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By:_____

    Sylvia Mayer
    Texas State Bar No. 00787028
    Scott R. Dayton
    Texas State Bar No. 24007093
    Dolores Cavatore
    Texas State Bar No. 24027800
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone:    (713) 546-5000
Facsimile:    (713) 224-9511

ATTORNEYS FOR OSCAR MANUEL
REYES PASTÉN

## VERIFICATION

I, Oscar Manuel Reyes Pastén, declare under penalty of perjury under the laws of the United States of America that the contents of the foregoing Registration Of Foreign Determination Of Access Rights To Child are true to the best of my knowledge, information and belief.

EXECUTED on the ____09___ day of _____Septiembre_____, 2006.


_____

Oscar Manuel Reyes Pastén

# EXHIBIT A





I·der Judicial

CHILE

REDACTED

*Materia : Autorización para salir del país*

*Rola N° 25.973*

San Bernardo, veintiocho de agosto de dos mil tres

VISTOS Y CONSIDERANDO:

I.- EN CUANTO A TACHAS

1°.- Que a fs. 95 y 96 la parte demandada dedujo tachas en contra de los testigos presentados por la actora, señalando que a ambas le afecta la causal establecida en el numeral séptimo del artículo 358 del Código de Procedimiento Civil; en efecto, doña Marta Zabaleta Mendoza declaró ser amiga de la madre demandante, a quien conoce desde chica, y por su parte, doña María José Santander declaró tener un juicio pendiente por lesiones en contra del demandado.

2°.- Que contestando el apoderado de la demandante señaló que la primera testigo no dijo tener una amistad íntima, exigencia de la ley para que proceda la tacha, y en cuanto a la segunda testigo, alega que la circunstancia del legítimo ejercicio de acciones legales no supone necesariamente sentimientos de hostilidad en contra de quien se le presente, motivos por los cuales solicita el rechazo de las tachas deducidas.

3°.- Que si bien es cierto que la declaración de amistad de la primera testigo para con la demandante no ha sido calificada expresamente como de "íntima", de sus propios dichos se infiere cierta cercanía e intimidad por la circunstancia de conocerla desde chica y además tener amistad con la madre de la actora, lo que extiende el espacio de afecto y de relación, motivo por el que se acogerá la tacha deducida en su contra. Respecto de la segunda testigo, resulta evidente que si ella mantiene juicio pendiente por lesiones en contra del demandado, se puede calificar este hecho de gravedad tal que permite acoger la tacha deducida en su contra.

II.- EN CUANTO AL FONDO

4°.- Que a fs. 14 doña Flavia Cecilia Velásquez Ruiz, casada, egresada de Geología, domiciliada en Bulnes N° 623, San Bernardo, solicita se autorice a su hija ▮▮▮▮▮▮

de 4 años de edad, para salir del país con destino a Estados Unidos en el mes de



*oder Judicial*

CHILE

abril del presente año, pues fue invitada a participar en un post título de oceanografía a realizarse en la Universidad de Texas durante tres años y que el curso comenzará en agosto de 2003. Agrega que a pesar que se trata de un período de tres años, es su intención viajar a lo menos una vez al año a visitar a nuestros parientes en Chile y en especial para que su hija visite a la familia paterna.

Expresa que el padre de la niña, don Oscar Manuel Reyes Pastén, ingeniero electrónico, domiciliado en Maipú N° 10, San Felipe, quien trabaja en la mina CODELCO Andina División Los Andes, ubicada en Saladillo sin N°, quinta región, visita a su hija en vacaciones de invierno y de verano, sin exceder de dos semanas y estas visitas han sido producto de un acuerdo voluntario entre ellos, pues no existe demanda ni transacción a este respecto.

Agrega que la oportunidad que se le ha brindado es única pues sin esta invitación no podría haber realizado curso alguno, ni menos la especialización que se le ofrece, porque en Chile esa especialización no se da en ninguna universidad; además del beneficio en lo profesional, el curso traerá beneficios en el futuro pues podrá optar a mejores trabajos, mejorando la situación económica y la calidad de vida de ella y de su hija, aparte de tener nuevas experiencias, ampliar sus horizontes, conocer y vivir en una cultura del primer mundo, lo que será enriquecedor para ambas.

Acompaña a su demanda documentos relativos al curso ofrecido, además del certificado de nacimiento de la menor en el que consta que ███████████████ nació el ███ ███████ 1998, que su filiación se encuentra determinada por ambos padres y que actualmente cuenta con 5 años de edad.

5°.- Que evacuando el traslado, en el primer otrosi de su escrito de fs. 28 el padre demandado plantea las siguientes observaciones: 1.- Que desde su nacimiento y luego después de la separación de las partes ocurrida en el año 2000, él se ha preocupado constantemente de la situación personal de la menor y que por retención de su sueldo paga mensualmente una pensión alimenticia a favor de su hija; 2.- Que en la medida de sus posibilidades por trabajar en sistema de turno en Minera Andina, visita a su hija, la trae a su domicilio y es así que durante el año 2002 la trajo en cuatro oportunidades, 20 días en febrero, todo el mes de abril completo, 13 días en julio y 12 días en diciembre, por lo cual no sólo él tiene una relación cercana y constante con la niña, sino que también su familia y especialmente sus padres; 3.- Que con el

Poder Judicial
CHILE

costo que ello implica, él ha visitado a su hija en los meses de mayo, junio y septiembre en Puerto Varas o Valdivia, al hogar de sus abuelos, y además ha costeado pasaje de la menor en avión o en bus, para que viajara junto a su madre; 4.- Que la madre de la menor contrajo matrimonio con un ciudadano extranjero, don Walter Brian Jones, por lo cual su vínculo con Chile se perderá existe fundado temor que no vuelva a Chile, con lo cual ya no podrá ver más a su hija y perderá el contacto y cercanía que él tiene con la menor, a pesar de los problemas que pone la madre; 5.- Que desde que se separaron, él ha podido ver a su hija sólo cuando la madre quiere, sin un criterio para ello, por lo cual debe estar a su disponibilidad, con constantes cambios a última hora de las fechas de visitas y que en un reciente viaje a Estados Unidos que realizó la madre por 20 días, él se enteró por parientes, en consecuencia que por esa fecha podría haber dejado a la menor a su cuidado; 6.- Que es falso lo expuesto en la demanda en cuanto al tiempo que él ve a su hija; 7.- Que las becas como la ofrecida a la madre, no imponen la obligación de volver al país y por ello no existe seguridad que la menor vuelva a Chile ni que pueda tener un regimen de visitas estable porque viajar a Estados Unidos no es lo mismo que viajar a Puerto Varas; Que le interesa seguir de cerca la educación y desarrollo de su hija, participar en la elección del colegio y educación, verla crecer y como padre, apoyarla en sus necesidades y carencias; 9.- Que la madre se encuentra embarazada con lo que deberá suspender el post grado que supuestamente va a realizar y deberá dedicar más atención a su nuevo hijo y a su cónyuge, lo que implica un menoscabo a la atención de su hija, lo que sumado al ambiente distinto e idioma desconocido, producirá un perjuicio irreparable para la niña; 10.- Que su hija le ha señalado que no tiene problemas de quedarse en Chile, viviendo en San Felipe, bajo su cuidado personal, preocupándose él de su educación y desarrollo integral, con otras actividades de su interés, como el ballet; 11.- Que finalmente, él seria feliz que la madre pueda realizar el estudio de post grado y en el periodo de tres años o más, él se quede al cuidado de su hija y en conjunto con su madre y abuelos maternos, regulen el regimen de visitas más apropiado para la menor.

Acompaña a su presentación certificado de matrimonio rolante a fs. 27, que acredita el matrimonio entre la demandante y don Walter Brian Jones, unión celebrada el 1° de febrero de 2003.

6°.- Que habiéndose deducido oposición, se citó a las partes a un comparendo cuya acta rola a fs. 42, y luego, dando curso progresivo a los autos se recibió la causa a prueba fijándose

Pod... Judicial
CHILE

(149)

*como* puntos sustanciales, pertinentes y controvertidos los siguientes: 1º.- Frecuencia y modalidada de relacionamiento de la niña con el padre y 2.- Conveniencia para autorizar a la niña para salir del país.

7º.- Que la única prueba ofrecida por las partes en tiempo y forma es la siguiente documental:

a) Certificado de matrimonio de fs. 27 que da cuenta de la unión entre don Walter Brian Jones y doña Flavia Cecilia Velásquez Ruiz, celebrado el 1º de febrero 2003 en la ciudad de Puerto Varas.

b) Certificado rolante a fs. 55 otorgado por la psicóloga Sandra Bustamante en el que expone haber atendido a la pareja mientras estaba en crisis su relación y además de describir la situación que el señor Reyes presenta rigidez de pensamiento, intolerancia a las diferencias y respuesta verbal agresiva, lo que dificulta llegar a alternativas de solución, aportando para ello también las características de la Sra. Velásquez, quien se observaba temerosa,, incrédula, lábil emocionalmente, con alta inseguridad y estado de angustia agudo, todo lo cual conforma el síndrome de mujer maltratada.

c) Informe sicológico rolante a fs. 56, otorgado en el mes de mayo del presente año, a petición de la madre, en el que se da cuenta en lo pertinente a estos autos, que la niña ha aceptado la separación de sus padres, mostrando algunos rasgos de tristeza aunque no de necesidad de contar con su padre de un modo más frecuente; que la niña tiene un fuerte vínculo afectivo con su madre, de importancia vital en tanto el padre no aparece como figura parental significativa, que evita pensar o vivenciar en profundidad los temas relacionados con su padre, que ella conoce la forma como el padre trataba y trata a su madre, lo que la perturba y le produce temor, lo que podría significar un daño emocional secundario a la violencia intrafamiliar, sintetizando además el vínculo afectivo débil y precario entre el padre y su hija y por último, un adecuado autoconcepto y capacidades resilientes.

8º.- Que extemporáneamente el padre demandado ha agregado a estos autos un set de fotografías de la niña en diferentes edades, junto a su padre y a otras personas, además de antecedentes relativos a viajes y visitas paternas a la menor de autos, en tanto la madre acompañó dos sendos informes sicológicos de la menor, documentos todos ellos que, si bien fueron agregados fuera del término probatorio, sólo serán una mera referencia a lo acreditado





Poder Judicial
CHILE

*en estos autos, de modo tal que su mérito deberá consistir únicamente en la refrendación o refutación de los demás antecedentes de este proceso.*

*9º.- Que a fs. 98 consta que con fecha 20 de junio del año en curso se procedió a realizar una audiencia de parientes en la que compareció doña María Etelvina Ruiz Campos, abuela materna de la niña y don Axel Norberto Saona Campos, tío abuelo de la menor, quienes en lo relativo a la materia de autos exponen: que madre e hija son muy unidas y no sería conveniente separarlas, que la madre va sólo por tres años a Estados Unidos y tal salida es ventajosa para la menor puesto que le brinda la posibilidad de un hogar estable junto a su madre, marido de ésta y el hermano que está por nacer; que el padre demandado visitaba a su hija sólo para vacaciones.*

*10º.- Que a fs. 110 se ha acompañado en estos autos informe social del demandado quien vive en San Felipe, y la profesional informa la frecuencia con que el progenitor ha visitado a su hija durante los años 2002 y 2003 y además concluye la conveniencia que en la situación de la menor de autos, se resguarde su derecho de mantener una relación directa y regular con el padre demandado, quien por lo demás no tendría inconveniente de quedarse con su hija durante el período en que su madre fuera a estudiar a Estados Unidos.*

*11º.- Que a fs. 117 rola en estos autos informe social respecto de la menor de autos y madre demandante, que en lo medular la profesional informa que se trata de una niña de 5 años, que vive con su madre en forma estable en la ciudad de Puerto Varas, que asiste a jardín infantil, que tiene claridad respecto de la figura paterna, que refiere que le gusta ir al hogar paterno en donde además comparte con su abuelita, quien es cariñosa y le prepara cosas ricas. En cuanto a la madre, señala que ésta debe viajar a Estados Unidos con la finalidad de reunirse con su cónyuge quien efectúa un doctorado en geoquímica y ella tiene la posibilidad de realizar un magister en geología marina en el mismo centro de estudios, que además presenta un embarazo con cinco meses de gestación y la menor se encuentra muy involucrada con el nacimiento de su nuevo hermanito y con su vida en familia, motivo por el cual concluye que sería conveniente acceder a la autorización de viaje, estableciendo algunos acuerdos con el progenitor para mantener el contacto y relación entre ambos.*

*12º.- Que de acuerdo a la certificación de fs.141, se tiene por acreditado que el progenitor cumple con su obligación legal y moral de proporcionar ayuda económica para la*




Poder Judicial
CHILE

(151)

mantención de su hija, cumpliendo con el pago de una pensión alimenticia ascendente al 15 % de sus ingresos, pagados mediante retención, según lo establece la sentencia definitiva dictada con fecha 2 de diciembre de 2002 por el Segundo Juzgado de Menores de Concepción.

13°.- Que el tribunal llamó a las partes a una nueva audiencia de conciliación no produciéndose acuerdo, ya que según se desprende del acta acompañada a fs. 122, la demandante señala que se trata de un viaje de tres años de duración y ofrece que en ese período la niña viaje dos veces por tres semanas cada vez, en compañía de su madre y en tales períodos autorizar visitas con la supervisión de un adulto porque existen antecedentes fundados de violencia intrafamiliar del padre hacia su hija; asimismo ofrece como garantía de cumplimiento de los viajes, una fianza en dinero por un monto de $ 600.000. Por su parte el padre no acepta que su hija salga del país porque no tiene seguridad que vuelva y él perdería todo tipo de relación con su hija; que la madre no va auspiciada por organismo chileno que le exija su regreso, sino que se trataría de una beca de un organismo norteamericano, el que no va a invertir en un profesional para que éste regrese a Chile; que la madre se casó con un norteamericano y está embarazada todo lo cual permite suponer su futura radicación fuera del país; que él ve siempre a su hija, salvo los períodos en que tiene problemas con la madre, y ésta última le impide el acercamiento a su hija; en cuanto a la fianza, señala que no existe monto posible que pueda igualar la pérdida y el daño que puede significar para él y para su hija el separarse y perder todo contacto; por todo lo expuesto, ofrece quedarse con la niña en caso que la madre viaje a Estados Unidos.

14°.- Que de acuerdo a los antecedentes agregados a la causa, todos ellos apreciados en conciencia, se tiene por establecido que la menor de autos es la única hija de ambas partes del proceso, que nació el 19 de mayo de 1998 y en consecuencia actualmente tiene cinco años y tres meses de edad, que la menor vive con su madre y mantiene una relación directa y personal con su progenitor pero como ambos viven en diferentes ciudades, la frecuencia de estos contactos, no obstante su irregularidad, es periódica toda vez que en las vacaciones de invierno y verano la niña pasa períodos en el hogar paterno, y en las demás ocasiones es el padre quien viaja o va a buscar a su hija para pasar con ella un tiempo. Se ha acreditado también que la madre solicitante es casada con don Walter Brian Jones, ciudadano norteamericano y que ella desea viajar a Estados Unidos junto a la menor de autos.

Poder Judicial
CHILE

15º.- Que las demás probanzas consistentes en informes sicológicos de fs. 55 y 56 y los agregados extemporáneamente por la demandante a fs. 130 y 132, fueron emitidos con posterioridad a la demanda y petición de autos y en ellos las profesionales se pronuncian sobre los problemas de pareja, cuestión que no es materia de esta causa y en cuanto a la menor concluyen una precaria y débil relación entre padre e hija, sugieren que el padre es el causante de cierto estado de transtorno de la niña y por ello se recomienda la supervigilancia en las visitas. Los informes agregados acusan cierta parcialidad en sus apreciaciones clínicas, toda vez que se atribuye responsabilidades unilaterales y no se considera la dinámica propia del conflicto familiar en donde muchas veces los intereses contradictorios de las partes los lleva a una polarización y a una agudización del problema; no distinguen las profesionales los conflictos de adultos de aquellos que la niña pueda tener con su padre, y no se exponen hechos que expliquen la existencia de problemas entre padre e hija, y tampoco se desprendan indicadores serios para restricciones del contacto paterno.

16º.- Que a mayor abundamiento, en la presente causa no se ha alegado la eventual mala relación paterno-filial, sino que por el contrario, la actora reconoce que el padre vive en la V región y pese a ello la niña lo visita en vacaciones de verano y de invierno, y en consecuencia, los informes emitidos con poesterioridad a la demanda de autos, se aprecian completamente sesgados en su relato, conclusión y sugerencia. En efecto, se puede desprender que si efectivamente la menor está siendo actualmente afectada, ello corresponde a la disputa que existe entre sus padres, quienes presentan posiciones antagónicas, las que posiblemente se han agudizado en el trancurso de la tramitación de la presente causa, siendo inevitable que de tales diferencias resulte la menor afectada por la tensión, comentarios y aotitudes de los adultos. Ello queda claramente reflejado en la declaración de la propia niña, quien se ve triangularizada entre sus padres, pero formando alianza con la madre, con quien vive, según se analizará más adelante.

17º.- Que las relaciones parentales, los vínculos afectivos y el relacionamiento filial son elementos básicos para el sano desarrollo de todo niño, y desde un punto de vista jurídico, según lo establecen los artículos 7 y siguientes de la Convención de derechos del niño, la relación parental constituye un elemento del derecho de identidad, de modo que si los padres viven separados, tanto el Derecho internacional cuanto el Derecho interno se encargan de regular la relación personal y contacto directo del niño con aquel de los padres con quien no

Poder Judicial
CHILE

13

vive, y al efecto la autorización para salir del país es un mecanismo legal que opera en garantía del ejercicio de este derecho del niño.

18°.- Que al respecto el artículo 49 de la ley de menores señala que son los padres quienes deben autorizar a su hijo para salir del país, y sólo en el caso que no pudiere otorgarse o sin motivo plausible se negare la autorización por aquél de los padres que deba prestarla, será el juez quien la otorgue, tomando en consideración el beneficio que le pueda reportar al niño y señalando el tiempo por el que se concede la autorización.

19°.- Que corresponderá entonces en primer término, analizar los motivos expresados por el padre demandado, los que resultan completamente plausibles toda vez que su negativa se fundamenta en el hecho que él no quiere perder el contacto con su hija, que quiere participar de su desarrollo y formación, que le preocupa e interesa la crianza de su hija, mantener el vínculo afectivo con ella y por último, manifiesta su temor que de autorizarse la salida, su hija no regrese al país, de lo que se seguiría un perjuicio para él y para la niña.

20°.- Que aún cuando los motivos expresados por el padre resultan plausibles en orden a que resguardan un derecho personal de la más alta jerarquía, establecido tanto en su beneficio como en el de su hija, visto de otra perspectiva, es legítimo también que si la actora contrajo matrimonio con un ciudadano norrteamericano, esta nueva familia desee establecerse en Estados Unidos junto al hijo que está por nacer, sin excluir de este panorama familiar a la menor de autos.

21°.- Que no obstante lo anterior, la demandante refiere como único motivo del viaje proyectado, la realización de un curso de perfeccionamiento, hecho que va solamente en beneficio de la actora y si bien se trata de una óptima posibilidad desde el punto de vista del desarrollo personal y profesional, se debe tener presente que la obtención o cumplimiento de una asipiración tan personal debe ser compatible con los intereses y derechos ajenos, especialmente en este caso con los de su propia hija.

22°.- Que no obstante lo anterior, si el motivo subyacente fuera lograr la reunión familiar y específicamente, que la madre se pueda reunir con su cónyuge, ciudadano norteamericano que vive en Texas, este legítimo anhelo podría hacer variar sustantivamente los presupuestos de la petición materna, la proyección de regreso de la menor a nuestro país, y por





P der Judicial Chile
CHILE

ende, la seguridad del mantenimiento de las relaciones parentales y el ejercicio del derecho de relación de la niña con su padre, temor expresado por el progenitor.

23°.- Que por otro lado y en relación a la menor de autos, en esta causa se ha dado cumplimiento a lo dispuesto en el artículo 12 de la Convención de derechos del niño, y en consecuencia se oído a la niña, quien en lo relativo a la materia de autos y según consta a fs. 23, manifestó que a su papá lo ve poquito, que la verdad es que el papá la molesta a ella y a la mamá, que va a viajar a Estados Unidos y van a volver, que no va a echar de menos al papá porque es pesado y que tiene un hermano mayor que ella y que vive en San Felipe.

24°.- Que la opinión expresada por los niños deben ser tomada debidamente en cuenta en función de la edad y madurez, y en este caso, tratándose de una niña de cuatro años al momento de declarar, se desprende de sus dichos que ella experimenta cierta alianza con su madre al señalar que el papá las molestaba a ambas, sin expresar la forma en que lo hacía. También se percibe en la niña un compromiso e interés en los planes de viaje, lo que resulta natural por ser ello un programa familiar, a realizarse junto a su madre. Sin embargo, de su expresión "no voy a echar de menos a mi papá porque es pesado" esta sentenciadora puede presumir que la menor fue preparada en su declaración, ya que no resulta coherente ni comprensible que a la edad de la niña y a su desarrollo cognitivo, ella se proyecte en el tiempo y concluya la ausencia o presencia de determinados sentimientos, y más aún, se refiera en términos categóricos que su papá es pesado, expresiones todas ellas que por carecer de referencia a hechos precisos o motivos que las expliquen y por no estar correspondidas con lo expresado por la Asistente social en relación a la niña y con los demás antecedentes del proceso, se deberán desestimar.

25°.- Que el derecho del niño a ser oído no significa que los adultos deban cumplir lo que el menor quiera, ya que por un lado, por su edad y condición afectiva, puede ser vulnerable a emitir opiniones y juicios conforme los deseos del adulto con quien vive, y por otro, porque les corresponde en primer lugar a los padres, y luego las autoridades que deban pronunciarse sobre el ejercicio de sus derechos, resolver según su conveniencia, lo que importa en la especie mantener el relacionamiento filial con ambos padres, debiendo éstos generar las condiciones afectivas y anímicas en su hijo para el sano concepto de cada uno de sus padres.

26°.- Que por otra parte y en cuanto a los eventuales beneficios del viaje, en este sentido las alegaciones de las partes son muy distante y contradictorias, y si bien ambas posiciones

Poder Judicial
CHILE

*resultan legítimas y comprensibles, desde la perspectiva de la niña, se presume que de ser autorizada para salir del país en un viaje tan proplongado, con tan escasas posibilidades de contacto con su padre, necesariamente ello traerá como consecuencia un desarraigo de su país, un grave distanciamiento con su familia de origen y ciertamente un olvido de la figura paterna, quedando la menor con una red de apoyo familiar disminuida y vulnerándose de paso su derecho a mantener una relación personal y contacto directo con su progenitor.*

*27°.- Que se ha argumentado en la causa que el viaje representa para la menor ciertos beneficios como, vivir en un país desarrollado, con otra cultura, aprender otro idioma, etc., argumentos que deberán ser desestimados por ser apreciaciones y valoraciones subjetivas y que en todo caso en la edad, etapa de desarrollo y situación evolutiva en que se encuentra la niña, ellos no constituyen beneficios ni intereses que contribuyan a un desarrollo armónico; más bien a los cinco años se requiere de arraigo e identificación con la familia y el entorno, por ser todo ello necesario para la construcción de su propia identidad.*

*28°.- Que en efecto, el beneficio mayor de la niña es mantenerse en un hogar seguro, junto a sus padres y familiares más directos, pero ello no es posible y más aún, la situación de su madre necesariamente la enfrenta a la disyuntiva de vivir con ella alejándose de su padre, o viceversa, que su madre viaje sola, sin ella, y en ambos casos produciéndosele una pérdida familiar y afectiva importante.*

*29°.- Que si se tiene en consideración que la autorización de salida del país solicitada al tribunal corresponde únicamente a lo expresado por la madre, esto es, la realización de un curso de post título de Oceanografía a realizarse en la ciudad de Texas, por tres años comenzando en agosto de 2003, tal cantidad de tiempo resulta excesiva ya que, de acuerdo a la edad y estado de desarrollo de la menor de autos, la vivencia y medición del tiempo de un niño en formación es completamente diferente al del adulto, y en el caso de autos, el acoger íntegramente la pretensión de la demandante expone seriamente la relación paterno filial, lo que en la especie debe ser cautelada en estos autos.*

*30°.- Que no obstante lo anterior, y aún cuando por un lado se han estimado plausibles los argumentos de oposición, y por otro, la madre no ha ofrecido una caución suficiente que permita asegurar o presumir un cumplimiento efectivo del ejercicio del derecho de visitas del padre, de igual modo se deberá resolver compatibilizando los intereses y pretensiones de ambas*



REDACTED

*partes, resguardando los derechos de la menor y evitando sus eventuales pérdidas y desarraigos afectivos, procurando reforzar su relación paterna y su permanencia con la madre.*

*Por estas consideraciones y de conformidad a lo dispuesto en los artículos 7 y siguientes de la Convención de derechos del niño, artículos 34, 36 y 49 de la ley 16.618, artículos 160, 171, 262, 356 y siguientes y 689 del Código de Procedimiento Civil, se resuelve:*

*I.- Que se acogen las tachas deducidas a fs. 95 y 96*

*II.- Que se acoge la solicitud de autorización para salir del país interpuesta a fs. 14, en el sentido que la menor de autos ▆▆▆▆▆▆▆▆▆▆▆ podrá viajar a Estados Unidos, Texas, junto a su madre, doña Flavia Cecilia Velásquez Ruiz, durante el segundo año del curso de Post título que ésta realizará en ese país, esto es, sólo por el período de UN AÑO, DESDE AGOSTO DE 2004 HASTA JULIO DE 2005.*

*III.- Que sin que importe una condición y sólo para dar cumplimiento a lo precedentemente resuelto, previo a hacer efectiva la salida del país de la menor de autos, la madre deberá acreditar haber cursado el primer año del curso de post título de oceanografía a realizarse en la Universidad de Texas, Estados Unidos.*

*IV.- Que la presente autorización no habilita para que la menor de autos sea adoptada en el extranjero.*

*Notifíquese, regístrese, y en su oportunidad, archívese.*

*DICTADO POR DOÑA ALBA LLANOS MELUSSA, JUEZ TITULAR*

*AUTORIZADO POR DOÑA AMALIA FERNANDEZ MARTINEZ, SECRETARIA SUBROGANTE*

San Miguel, treinta de octubre de dos mil tres.

Vistos y teniendo presente:

**PRIMERO:** Que no habiéndose acreditado la existencia de alguna inhabilidad por parte de la madre para el ejercicio del cuidado personal de la niña, la que es una menor de cinco años de edad quien ha permanecido con su madre desde la época del nacimiento, y encontrándose vinculada afectivamente a ésta, la que le ha otorgado todo el cariño, atención y preocupación que ésta requiere, todo ello en el núcleo de una familia debidamente constituida, la que incluso se ha visto aumentada recientemente con el nacimiento de una hermana, razón por la cual no aparece conveniente para el interés superior de la niña separarla de su madre en la forma establecida en el fallo que se revisa.

**SEGUNDO:** Que para todo niño es fundamental mantener una estabilidad emocional para con sus padres biológicos, la cual sólo se logra mediante el afecto y contacto con ambos padres, en el caso de autos para que el padre pueda ejercer su derecho-deber de visitar a su hija y cooperar en la educación y crianza de ésta se hace necesario la regulación del referido derecho, debiendo normarse el establecido convencionalmente entre las partes, esto es, en el periodo de vacaciones que la menor tenga en el país donde su madre residirá, sin perjuicio de otros derechos que la parte demandada solicite en su oportunidad.

**TERCERO:** Que del mérito de los antecedentes, se desprende que el padre de la menor no puede limitar el derecho a desarrollarse profesionalmente a la madre, más aún si tal perfeccionamiento implicará beneficios futuros para la menor de autos.

Y visto, además, el mérito de los antecedentes y de conformidad con lo dispuesto en el artículo 37 de la Ley Nº16.618 sobre menores y 225 del Código Civil SE CONFIRMA la sentencia apelada de

REDACTED

veintiocho de agosto del año en curso, escrito de fojas 146 a 156, con **declaración** que se acoge la solicitud de autorización para salir del país respecto de la menor ███████████████ quien podrá viajar a Estados Unidos, Texas, junto a su madre doña Flavia Cecilia Velásquez Ruiz, durante los tres años que dure el curso de post-titulo que ésta realizará en dicho país.

Lo anterior, es sin perjuicio de lo señalado en el considerando segundo del presente fallo, respecto al régimen de visitas del padre de la menor don Óscar Manuel Reyes Pasten.

Regístrese y devuélvase.

N°1297-2003.



Pronunciada por las Ministros señora Carvajal, señora Letelier y la Abogado Integrante señora Montt. Autoriza el señor Raúl Molina, Secretario Titular.

original,que se tuvo a la vista.- SAN BERNARDO, 09 de agosto
del 2004.-



MARIA ESTER CASTILLO GRANDON
SECRETARIA TITULAR

**CERTIFICO** que la firma que antecede corresponde a la de
doña **MARIA CASTILLO GRANDON.** Secretaria Titular del
**Juzgado de Letras de Menores de San Bernardo.** Santiago, dos
de marzo de 2005.

CARLOS A. MENESES PIZARRO
SECRETARIO
CORTE SUPREMA

El Ministerio de Justicia de Chile
Certifica la autenticidad de la firma de
don

Santiago, 02 MAR 2005

VERONICA LAGOS FRAGA
Oficial de Legalizaciones

Legalizada en el Ministerio
de Relaciones Exteriores de Chile
Firma del Señor

MANUEL VERDEJO M.
Oficial de Legalizaciones
-2 MAR 2005

MINISTERIO DE RELACIONES EXTERIORES
CHILE
Traducción Oficial [ ]   Auténtica [ ]
Ejemplares............... Idioma....ESPAÑOL

0 2 MAR. 2005

Plazo Normal [ ]   Urgente [ ]   Extra-urgente [ ]

N° 05/ 1667

# EXHIBIT B

REPÚBLICA DE CHILE
MINISTERIO DE RELACIONES EXTERIORES

REDACTED

### OFFICIAL TRANSLATION

Under the oath prescribed by article sixty-three of the Code of
Civil Procedure of the Republic of Chile, I do hereby certify
that the following translation from the Spanish original
numbered 05/1667 is genuine. ----------------------------------
-------------------- RUBRICATO NE VARIETUR ---------------------




### COURT JUDGMENT

---------- The document whereof the translation follows
hereinbelow is a certified true photocopy of a COURT JUDGMENT,
issued in the Spanish language, signed, authorized and legalized
according to Chilean laws, and reads as follows: ---------------
---------- One hundred and forty-six (146) --------------------
---------- THE JUDICIARY ---------------------------------------
---------- CHILE -----------------------------------------------
---------- Minor: █████████████ --------------------------------
---------- In the Matter of: Authority to Exit the Country ----
------------------------------------------------------- // -

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 2.

- // ------------------------------------------------------------

---------- Roll No. 25,973 ------------------------------------

---------- San Bernardo, August twenty-eight, two thousand and three. ------------------------------------------------------

---------- HAVING REGARD TO: ---------------------------------

---------- I. AS TO OBJECTIONS --------------------------------

---------- 1.- That on page 95 and 96, the defendant party objected the witnesses submitted by the petitioner by stating that they are both under by the ground established by number seven, Article 358 of the Code of Civil Procedure; indeed, Ms. Marta Zabaleta Mendoza declared that she is a friend of the petitioner whom she has known since she was a child and, on her part, Ms. María José Santander declared to have a pending lawsuit against the respondent for injuries. -------------------

---------- 2. That in his reply, the counsel of the petitioner stated that the first witness did not mention having a close friendship, which is required by law to admit the objection, and as to the second witness, he claims that the fact of the lawful exercise of legal actions does not necessarily imply hostile feelings against the person being sued, therefore he requests the refusal of the filed objections. ---------------------------

---------- 3. That although it is true that the declaration of friendship of the first witness with the defendant has not been qualified as "close", her own words indicate a certain closeness and intimacy by reason of her knowing her since her childhood in addition to being friends with the petitioner's mother, which expands the scope of affection and relationship, by reason of which the objection against her will be admitted. As regards the second witness, it becomes evident that if she has a pending

REDACTED

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 3.

- // -----------------------------------------------------------

lawsuit against the respondent for injuries, this fact is regarded as so serious that the objection is admitted. ---------

---------- II. AS TO THE SUBSTANCE: -------------------------

---------- 4. That on page 14, Ms. Flavia Cecilia Velásquez Ruiz, married, geology graduate, domiciled at Bulnes No. 623, San Bernardo, has requested a permit for her 4-year-old daughter ████████████████████ to exit the country bound for the United States of America in the month of April of the present year, as she was invited to take part in the three year Oceanography postgraduate program to be conducted in Texas and that the course is to begin in August 2003. She adds that, although such course takes three years, it is her intention to travel to Chile at least once a year to visit some relatives and particularly for her daughter to visit her paternal family. ----

---------- She states that her daughter's father, Mr. Óscar Manuel Reyes Pastén, an electronic engineer domiciled at Maipú No. 10, San Felipe, who works for the Andina Division of Codelco Mine in Los Andes, located at Saladillo N/N, Firth Region, visits her daughter for the winter and summer vacation no more than two weeks and that these visits have been made upon the voluntary agreement between them, as there are no claims or settlements in that regard. -----------------------------------

---------- She adds that the opportunity being given to her is unique since without this invitation she would have been unable to conduct any course whatsoever, let alone the specialization she is being offered because that specialization is not taught at any university in Chile. In addition to the professional growth, the course will give her other benefits as she may apply



REDACTED

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 4.

- // ---------------------------------------------------------

for better jobs thus improving her economic condition and
standard of living (her own and her daughter's), apart from
living new experiences, expanding her horizon, getting to know
and living in a first world culture, which will enrich them
both. ---------------------------------------------------------

---------- Her petition is accompanied with documents relating
to the offered course in addition to the birth certificate of
the minor, which evidences that ▓▓▓▓▓▓▓▓▓▓▓▓ was
born on ▓▓▓▓, 1998, that her registration has been entered by
both parents and that she is currently 5 years old. ------------
---------- 5. That in reply to the service of process on him,
the defendant father has, in the first additional petition of
his submission, made the following remarks: 1. That ever since
his daughter was born and after the separation of the parties in
2000, he has always concerned for the minor and that he is
withheld from his salary a monthly maintenance allowance in
favor of his daughter ; 2. That to the extent of his
responsibilities and as he works with a system of shifts in the
Andina Mine, he visits his daughter, brings her home and that in
2002, he brought her home 4 times; 20 days in February, the
whole month of April, 13 days in July and 12 days in December;
therefore, not only does he have a close and constant relation
with his daughter, but also his family and particularly his
parents. 3. That despite the cost therein involved, he has
visited his daughter in Puerto Varas or Valdivia, the home of
her grandparents, in the months of May, June and September and,
in addition, he has afforded the air or bus ticket of the minor
to travel with her mother. 4. That the minor's mother has

REPÚBLICA DE CHILE
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667     P. 5.

- // -----------------------------------------------------------

married a foreign citizen, Mr. Walter Brian Jones, and
accordingly, her bond with Chile will disappear; therefore,
there are sufficient grounds to believe that she might not
return to Chile and thus he will not see his daughter anymore
and will lose the contact and closeness he already keeps with
the minor despite his problems with her mother. 5. That ever
since they separated, he has been able to see his daughter only
when her mother wants him to, without a criterion so he has to
depend on her availability with constant last-minute changes of
the visitation dates and that on a recent 20 day's trip of the
minor's mother to the United States, he only learnt from some
relatives, while she might have left the minor under his care.
6. That the statement that he sees his daughter only a short
time is false. 7. That the scholarships like the one offered to
the minor's mother do not impose the obligation to return to the
country and, therefore, there is no certainty that the minor
returns to Chile nor that he may have a permanent visitation
right since traveling to the United States in dot the same as
traveling to Puerto Varas. That he is interested in closely
following up the education, development of his daughter,
participate in the election of a school and education, see her
grow as a father and support her needs and shortages. 9. That
the minor's mother is pregnant so she will have to put off the
postgraduate course she is allegedly going to take and shall
have to dedicate more time to her new child and husband, which
implies a detriment to the attention of her daughter, which
adding up to the different environment and unknown language,
will bring about an irreparable damage to the minor. 10. That

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 6.

- // ------------------------------------------------------------

his daughter has told him that she has no problem to stay in Chile living in San Felipe under his personal care, with him taking care of her education and integral development, with other activities of her interest like ballet. 11. That, finally, he would be happy in the minor's mother would carry out the postgraduate course for three or more years while he takes care of his daughter and, along with the child's mother and maternal grandparents regulate the visitation rights most appropriate for the minor. -----------------------------------------------------

---------- He adds to his submission a marriage certificate entered on page 27, which evidences the marriage between the petitioner and Mr. Walter Brian Jones, celebrated on February 1, 2003. -----------------------------------------------------------

---------- 6. That since an opposition was filed, the parties were summoned to a hearing, the records of which are entered on page 42, and giving a progressive course to the proceedings, the case was admitted for the reception of evidence, setting the following substantial, relevant and disputed items: 1. Frequency and manner in which the minor relates with her father and 2. Convenience of Authorizing the minor's exit from the country. --
---------- 7. That the only proof submitted by the parties is the following documents evidence: ----------------------------
---------- a) Marriage Certificate on page 29 which evidences the marriage between Mr. Walter Brian Jones and Ms. Flavia Cecilia Velásquez Ruiz, celebrated on February 1, 2003, in the City of Puerto Varas. ------------------------------------------
---------- b) Certificate entered on Page 55 issued by Psychologist Sandra Bustamante, who states that she provided

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 7.

- // --------------------------------------------------------

assistance to the couple while their relationship was in crisis
in addition to describing that Ms. Reyes was narrow-minded,
intolerant to differences and aggressive verbal response, which
prevents from reaching solution alternatives, which was enhanced
by the characteristics of Ms. Velásquez who looked scared,
distrustful, emotionally labile, with high uncertainty and
subject to a state of acute anguish, what conforms a syndrome of
abused wife. --------------------------------------------------
---------- c) Psychological report on page 56, issued in the
month of May of the present year, at the request of the minor's
mother, which reveals, as regards these proceedings that the
child has accepted the separation of her parents, showing some
traits of sorrow although not the need to have her father
frequently by her; that the child has a strong affective
relationship with her mother, being of vital importance, while
the father does not appear as a significant figure, that she
avoids thinking or experiencing the issues concerning her
father, that she knows how her father used to treat and still
treats her mother, which disturbs and causes her fear, which
might involve an emotional damage secondary to domestic
violence, in addition to synthesizing the weak and precarious
affective bond between the father and his daughter, and
eventually, and adequate self concept and resilient capacities.
---------- 8. That the defendant father has extemporaneously
added to these proceedings a set of photographs of the child at
different ages along with her father and other people, in
addition to information on trips and paternal visits to the
minor, while the mother submitted a couple of psychological

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 8.

- // -----------------------------------------------------------

reports on the minor, which documents, although added at the end
of the discovery period, will only be a mere reference to the
facts of these proceedings, thus their merit will only consist
in ratifying or denying the other grounds of this matter; ------
---------- 9. That on page 98, it is evidenced that on June 20
of the present year, a hearing took place with some relatives,
including Ms. María Etelvina Ruiz Campos, maternal grandmother
of the child and Mr. Axel Norberto Campos, grand-uncle of the
minor, who stated on this matter that mother and daughter are
very close to each other and it would not be convenient to
separate them; that the mother is going to the United States for
three years only and that such exit would be advantageous for
the minor as she will be given the opportunity to having a
stable home with her mother, her mother's husband and the
sibling who is about to be born; that the minor's father would
visit her on vacation only. ------------------------------------
---------- 10. That on page 110, a social report has been
submitted on the respondent in this matter, who lives in San
Felipe, where the professional informs that the father has
visited his child during the years 2002 and 2003 and concludes
on the convenience that the right of the subject minor to keep
a regular and direct relation with the respondent father be
safeguarded; that otherwise the father would have no
inconvenience to keep his daughter for the time the mother
studies in the United States. ---------------------------------
---------- 11. That page 117 contains a social report on the
subject minor and the petitioner mother, the core of which
informs that it is a 5-year-old girl who lives permanently with

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 9.

- // ---------------------------------------------------------

her mother in the city of Puerto Varas, that she attends a day
care and that she has a clear mind regarding her paternal
figure; that she has said that she enjoys going to her father's
home where she also shares with her grand mother, who is loving,
and prepares delicious things. As to her mother, she states that
she has to travel to the United States in order to join her
husband who is doing a doctoral course on geochemistry and she
has the possibility of doing a master on marine geology at the
same center, who in addition has a five-month pregnancy and the
minor is very involved with the birth of her little brother and
with her life in family, reason by which she concludes that it
would be convenient to agree to the travel authorization,
establishing some agreements with the father to keep the contact
and relation between them. -------------------------------------
---------- That according to a certification on page 141, it
has been proven that the father has complied with his legal and
moral obligation to provide financial support to the maintenance
of the minor, keeping a maintenance allowance amounting to 15%
of his income, which is withheld from his salary, in compliance
with the final judgment rendered on December 2, 2002, from the
Second Juvenile Court of Concepción. ---------------------------
---------- 13. That the court summoned the parties to a new
settlement hearing, with the parties reaching no agreement,
since as shown by the record entered on page 122, the petitioner
states that it is a three year trip and offers that during such
period the girl travels twice for three weeks each in company
with her mother and during those periods, to authorize visits
under the supervision of an adult, since there are well-grounded

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 10.

- // ----------------------------------------------------------

facts of domestic violence on the part of the father toward his daughter. Likewise, she offers an amount of Ch$600 as a security for the compliance of her trip. On his part, the father does not accept the exit of the minor from the country as he has no certainty that she returns and he would lose any contact with his daughter; that the mother is not traveling under the auspices of a Chilean organization that compels her to come back, but it is a scholarship given by an American agency which would not invest in a professional for her to eventually return to Chile; that the mother got married to an American citizen and is pregnant, all of which leads to assume that she will settle outside the country; that he always sees his daughter, except for those times when he has problems with the minor's mother, who prevents her from seeing his daughter; as to the security, he states that there is no possible amount that could compensate the loss and damage that separating him from his daughter and losing any contact with her would cause him; for all these considerations, he offers to stay with the child in case her mother travels to the United States. ---------------------------
---------- 14. That according to the facts submitted to the case, all of which have been conscientiously appraised, it has been established that the subject minor is the only daughter of both parties to these proceedings, that she was born on May 19, 1998 and is currently 5 years and three months old; that the minor lives with her mother and keeps a direct, personal relation with her father but as both live in different cities, the frequency of these contacts, regardless of their irregularity, is periodical, as the minor spends some time in

**REPÚBLICA DE CHILE**
**MINISTERIO DE RELACIONES EXTERIORES**

Doc. 05/1667    P. 11.

- // ----------------------------------------------------------

the winter and summer vacation in the paternal home and at other
times it is the father who travels or picks up his daughter to
spend some time with her. It has also been accredited that the
requesting mother is married to Mr. Walter Brian Jones, a United
States citizen, and that she is willing to travel to the States
with the subject minor. ---------------------------------------
---------- 15.    That    the    other    evidence    consisting    of
psychological reports on pages 55 and 56, and those submitted
extemporaneously by the petitioner on pages 130 and 132, were
issued subsequently to the claim and petition of this matter and
in those reports, the professionals pronounce themselves on
their problems as a couple, which is not the subject matter of
this claim and as to the minor, they conclude that she keeps a
weak and precarious relationship with her father; they suggest
that the father is the originator of a certain condition of
distress towards the child and, therefore, they recommend
supervised visits. The submitted reports evidence some kind of
biased clinical appreciation, as responsibilities are attached
to one side only with no regard to the very dynamics of the
family conflict where at several times the conflicting interests
of the parties lead them to a polarization and worsening of
their problem; the professionals do not distinguish the problems
of the adults from those the child might have with her father,
and no facts are mentioned that might explain the existence of
problems between the child and her father, nor serious features
to impose restrictions to the paternal contact. ----------------
---------- 16. That, in addition, in this case there has not
been challenged the possible bad relation between father and

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667     P. 12.

- // ---------------------------------------------------------

daughter but, on the contrary, the petitioner admits that the
father lives in the V Region and despite that, the child visits
him during the summer and winter vacation and, therefore, the
reports issued after the instant claim look entirely biased as
to the statements, conclusions and suggestions. Indeed, it may
be inferred that if the child is actually being affected, that
is because of the dispute existing between her parents, who
present disputing positions, which have possibly worsened in the
course of these proceedings, it being unavoidable that after
such differences, the minor is affected by the tension, comments
and attitudes of the adults. That is clearly reflected from the
statement of the very child who is in the middle of both parents
but forming an alliance with her mother with whom she lives as
hereinafter analyzed. ------------------------------------------

---------- 17. That parental relations, affective links and
family relationship are basic elements for the healthy
development of any child and, from the juridical point of view,
the parental relation constitutes an element of the right to
identity; therefore, if the parents live apart, both the
international law and domestic law ensure the regulation of
personal relations and direct contact of children with their
parents with whom they do not live and, to that effect, the
authorization to exit the country is a legal mechanism that
safeguards the exercise of this right of children. -------------

---------- 18. That in that respect, article 49 of the Juvenile
Law states that parents are entitled to authorize the exit of
their children from the country and, only in case that permit
cannot be given or is unreasonably withheld by such parent who

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 13.

- // -----------------------------------------------------------

is supposed to give it, it will be the court who grants such permit, taking due account of the benefit that can be brought about to the minor and with a statement of the time for which authorization is to be granted . -------------------------------
---------- 19. That it is then appropriate to consider the grounds expressed by the defendant father, which are fully admissible since his denial has to do with the fact that he is not willing to lose contact with his daughter, that he wants to be involved in her personal development and education, that he is concerned with an interested in her raising and upbringing, in keeping the affective link with her and, finally, he states his fear that, if he authorizes the exit of his daughter she might not return to the country, what would entail a detriment to him and his daughter. -----------------------------------------
---------- 20. That even though the reasons expressed by the father appear to be reasonable in order to safeguard a personal right of the highest status, established both in his own and his daughter's interest, if seen from another perspective, it is also legitimate that if the petitioner got married to a United States citizen, this family wishes to settle in the United States along with a child who is about to be born, without excluding the subject child from this family scenario. ---------
---------- 21. That despite the foregoing, the petitioner refers to the conduction of a training course as the only reason of her trip, which is in the sole interest of the petitioner and, although it is a great possibility from the personal and professional point of view, it should be borne in mind that the attainment or accomplishment of such a personal aspiration

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 14.

- // ----------------------------------------------------

should be consistent with the interests and rights of others,
especially in this case, where the rights of her own daughter
are involved. -----------------------------------------------------

---------- 22. That, notwithstanding the foregoing, if the
underlying reason were to achieve the family reunion and
specifically that the mother can join her husband, a United
States citizen who lives in Texas, this legitimate aspiration
might vary substantially the assumption as to the pother's
petition, the prospects for return to our country and,
accordingly, the certainty of keeping the parental relations and
the exercise of the rights of the child to relate with her
father, which fear has been expressed by him. ------------------

---------- 23. That on the other hand, and in relation to the
subject minor, this court has fully complied with the provisions
of article 12 if the Convention on the Rights of Children and
has, therefore, heard the child who has, in connection with the
instant case, and as shown on page 23, she stated that she sees
her father only a little, that her father harasses her and her
mother about traveling to the United States and that they should
come back; that she does not miss her father because he is mean
and that she has an elder brother who lives in San Felipe. -----

---------- 24. That children's opinions have to be taken into
account in terms of their age and maturity and as this was a
four-year-old child, at the time when she declared, it is
inferred from her statements that she has a certain alliance
with her mother by saying that her father harassed them both,
without  expressing the way in which he did so. It is also
perceived in the child a commitment and interest in the

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 15.

- // --------------------------------------------------------

traveling plans, which is natural as that is a family program to
be carried out in conjunction with her mother; however, from her
expression "I'm not gonna miss my father because he is mean",
this ruler may assume that the minor was prepared in her
statement, as it is not coherent or understandable that at the
child's age and given her cognitive development, she can project
herself in time and conclude on the absence or presence of a
certain feeling, and furthermore, that she refers to her daddy
being mean in such categorical terms all these are expressions
which by lacking a reference to precise facts or reasons to
explain the same and because they are not consistent with the
statement of the social worker in her report on the child and
with the other facts in these proceedings, they are dismissed.-
-------- 25. That the right of the minor to be heard does not
mean that adults should do what minors want, since on the one
side, given their age and affective condition, they can be
vulnerable to say opinions or statements according to the wishes
of adults with whom they live and that, on the other side,
because it is the parents at first and then the authorities who
are entitled to pronounce on the rights to resolve on the
convenience, what counts in the instant case is to keep the
loving relationship with both parents, they being responsible
for generating the affective and behavioral conditions in their
children for their healthy concept about each parent. ----------
---------- 26. That on the other hand, and in connection with
the prospective benefits of the travel, in this connection the
allegations of the parties are too different and contradictory
and, although both positions are genuine and understandable,

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 16.

- // -------------------------------------------------------

from the point of view of the child, if authorize to exit the
country in such a long trip with scarce possibilities to have
contact with her father, that will necessarily bring about a
detachment from her roots, a serious separation from her family
of origin and the concurrent oblivion of the paternal figure,
the minor having a weakened family protection network, thus
undermining her right to keep a personal relationship and a
direct contact with her father. -------------------------------
---------- 27. That it has been claimed in the instant case
that the minor's travel represents cert5ain benefits like living
in a developed country, with another culture, learning another
culture, etc. which arguments are dismissed because they
represent subjective appreciations and valuations and which, at
any rate, given the age, developmental stage and evolutive
situation of the minor do not constitute benefits or interests
that contribute to the harmonious development, but rather, at
the age of five years, it is required a rooting, an
identification with the family and with the environment, as all
that is necessary for building up her own identity. ------------
---------- 28. That indeed, the highest benefit of the child is
to remain in a safe home, together with her parents and closest
relatives but that is not possible and, furthermore, the
situation of her mother necessarily poses on her the disjunctive
of living apart from her father or otherwise that her mother
travels alone, without her and, in both cases, causing her an
important family and affective loss. --------------------------
---------- 29. That if it we take into consideration that the
exit to the country requested to this Court were only as

REDACTED

**REPÚBLICA DE CHILE**
**MINISTERIO DE RELACIONES EXTERIORES**

Doc. 05/1667    P. 17.

- // --------------------------------------------------------

expressed by the mother, i.e., to conduct a postgraduate course
on oceanography in the city of Texas, for three years commencing
in August 2003, such span of time is excessive since, given the
age and developmental stage of the subject minor, the
experiences and time of a developing child are entirely
different from that of an adult and, in the instant case, if the
claim of the petitioner were admitted entirely, the loving
relation between the child and her father would be seriously
endangered, which has to be safeguarded in this matter. --------
---------- 30. That, notwithstanding the foregoing, and
although the challenging arguments have been regarded as
admissible and on the other hand the mother has not offered a
sufficient security to ensure or assume effective compliance
with the visitation rights of the father, a resolution will be
rendered anyway, combining the wishes of both parties,
safeguarding the rights of the minor and avoiding incidental
detachments or affective losses, and procuring to reinforce the
paternal relationship and her permanence with her mother. ------
---------- Due to all these considerations and taking into
account the provisions of Articles 7 et seq of the Convention on
the Rights of Children, Articles 34, 36 and 49 of Law 16,618,
articles 160, 171, 262, 356 et seq and 689 of the Code of Civil
Procedure, it is ORDERED DECREED AND ADJUDGED: -----------------
---------- I. That the objections raised on pages 95 and 96 are
hereby admitted. -----------------------------------------------
---------- II. That the request for authorization to exit the
country filed on page 14 is hereby admitted in terms that the
subject minor ███████████████████ may travel to the

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 18.

- // -------------------------------------------------------

United States, Texas, along with her mother Flavia Cecilia
Velásquez Ruiz, during the second year of the postgraduate
course to be taken by her in that country; that is, for the
period of ONE YEAR FROM AUGUST 2004 TO JULY 2005. --------------
---------- III. That without it meaning a condition for
compliance with the aforementioned, before effecting the exit of
the country by the subject minor, the mother shall prove to have
taken the first year of the postgraduate course on oceanography
to be conducted at the University of Texas, United States of
America. -------------------------------------------------------
---------- IV. That this authorization does not imply a permit
for the minor to be adopted abroad. --------------------------
---------- Let it be notified, registered and filed when
appropriate. --------------------------------------------------
---------- Illegible signature -------------------------------
---------- RENDERED BY THE HON. ALBA ROSA MELUSSA, INCUMBENT
JUDGE. --------------------------------------------------------
---------- AUTHORIZED BY MS. AMALIA FERNÁNDEZ MARTÍNEZ, DEPUTY
CLERK. --------------------------------------------------------
--------------------------------------------------------------
---------- SAN MIGUEL, October thirtieth, 2003. ---------------
---------- WHEREAS: -------------------------------------------
---------- FIRST: No impediments have been accredited for the
mother to exercise her right to take care of her daughter, a
five-year-old child who has remained with her mother ever since
she was born and being affectively related to her, who has
provided the love, care and affection required by her, all of
that within a well-constituted family which has even augmented

REPÚBLICA DE CHILE
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 19.

- // --------------------------------------------------------

with the recent birth of a sister, reason by which it does not
seem convenient for the superior interest of the child to
separate her from her mother in the manner established in the
decree under review; ---------------------------------------
---------- SECOND: That for any child it is fundamental to keep
emotional stability towards his biological parents, which is
only achieved through affection and contact with both parents;
in the instant case, for the father to exercise his-right-duty
to visit his daughter and cooperate with her education and
upbringing, it become necessary to have such right regulated, by
establishing by agreement between the parties the manner in
which it is to be exercised; that is, during the vacation time
that the minor has in the country where her mother will reside,
without prejudice to other rights that the defendant party may
request in time. ---------------------------------------------
---------- THIRD: The from these grounds it is inferred that
the minor's father, may not hinder the mother's right to develop
professionally, even more so if such training will imply future
benefits to the subject minor. -------------------------------
---------- And further considering the merit of this matter and
pursuant to the provisions of article 37 of Law No. 16,618 on
minors and 225 of the Civil Code, the appealed judgment dated
August twenty-eight of the current year, recorded on pages 146
to 156 IS HEREBY CONFIRMED, by stating that the authorization to
exit the country is admitted in favor of the minor █████████
███████████, who may travel to the United States of America,
Texas, along with her mother Flavia Cecilia Velásquez Ruiz for
the three years that she will take he postgraduate course in

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 20.

- // ------------------------------------------------------

that country. ------------------------------------------------

---------- The foregoing is without prejudice to the statement

in the second whereas clause of this judgment regarding the

visitation rights in favor of the minor's father Óscar Manuel

Reyes Pastén. -----------------------------------------------

---------- Let it be registered and returned. -----------------

---------- No. 1297-2003 --------------------------------------

---------- Five illegible signatures --------------------------

---------- Rendered by justices Ms. Carvajal, Ms. Letelier and

Associate Lawyer Ms. Montt. Authorized by Mr. Raúl Molina,

Incumbent Clerk. ----------------------------------------------

---------- Illegible signature --------------------------------

---------- In San Miguel, on this thirtieth day of October, two

thousand and three, I served the foregoing judgment by daily

report. ------------------------------------------------------

---------- Illegible signature --------------------------------

--------------------------------------------------------------

---------- This is to certify that the foregoing photocopies

are true to their original seen by me. San Bernardo, August 9,

2004. --------------------------------------------------------

---------- Illegible signature --------------------------------

---------- MARÍA ESTER CASTILLO GRANDÓN -----------------------

---------- INCUMBENT CLERK ------------------------------------

---------- Seal: JUVENILE COURT - SAN BERNARDO - CLERK. -------

---------- THIS IS TO CERTIFY that the foregoing signature is

that of Ms. MARÍA CASTILLO GRANDÓN, Incumbent clerk of the

Juvenile Court of San Bernardo. Santiago, March second, 2005. --

---------- Illegible signature --------------------------------

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1667    P. 21.

- // -------------------------------------------------------

---------- CARLOS A. MENESES PIZARRO -------------------------

---------- CLERK - SUPREME COURT. ---------------------------

---------- Seal: SUPREME COURT OF JUSTICE - CHILE - CLERK ------

---------- The Ministry of Justice of Chile certifies the

authenticity of the signature of Mr. Carlos Meneses. ----------

---------- Santiago, March 2, 2005 -----------------------------

---------- Illegible signature. --------------------------------

---------- VERÓNICA LAGOS FRAGA --------------------------------

---------- Legalization Officer --------------------------------

---------- The Ministry of Foreign Affairs of Chile does hereby

legalize the signature of Ms. V. Lagos. ------------------------

---------- Illegible signature. --------------------------------

---------- MANUEL VERDEJO M. -----------------------------------

---------- Legalization Officer --------------------------------

---------- March 2, 2005. --------------------------------------

---------- Seal: MINISTRY OF FOREIGN AFFAIRS - CHILE. -------

==================================================================

DONE at SANTIAGO, CHILE, on this 28th day of March, 2005.

ALEJANDRA VERGARA ZAPATA
TRANSLATOR

Legalizada en el Ministerio
de Relaciones Exteriores de Chile
Firma del Señor

MIGUEL REYES VARGAS
Oficial de Legalizaciones

# EXHIBIT C

REDACTED

FOJA: 110.
Ciento Diez.

**Valdivia**, veintiséis de julio de dos mil cuatro.

**VISTOS:**

Se reproduce la sentencia apelada en su parte expositiva, considerandos y citas legales, con excepción del considerando noveno, que se elimina.

**Y se tiene en su lugar y, además, presente:**

Que en la sentencia de segunda instancia de la Ilmta. Corte de Apelaciones de San Miguel sobre autorización para salir del país respecto de la menor ▇▇▇▇▇▇▇▇ de fojas 94 y 95, resuelve en su considerando segundo el derecho a visita del padre en el período de vacaciones que la menor tenga en el país donde su madre residirá, sin perjuicio de otros derechos que el padre pueda deducir en su oportunidad. Y visto además lo dispuesto en los artículos 186 y siguientes del Código de Procedimiento Civil y artículo 37 de la Ley Nº 16.618, Se **REVOCA** la sentencia apelada de dieciséis de abril del dos mil cuatro, escrita de fojas 99 a 102, y se declara en su lugar que se    acoge    la demanda de regulación de visitas en los términos señalados en la sentencia previamente aludida, en cuanto a que se concede el derecho a visitas al padre durante el período de vacaciones de la menor en el país donde su madre resida.

28|7|04 Regístrese y devuélvase.
Rol nº 83-2004.

6|8|04



Pronunciada por la **SEGUNDA SALA,** por el Ministro Sr. PATRICIO ABREGO DIAMANTTI, la Srta. Fiscal Judicial RUBY ALVEAR MIRANDA, Abogado Integrante Sr. HÉCTOR MÉNDEZ EYSSAUTIER. Autoriza el Secretario Sr. FERNANDO LEÓN RAMÍREZ.

**En Valdivia,** veintiséis de Julio de dos mil cuatro notifiqué por el **ESTADO DIARIO** la resolución precedente

**Certifico:** Que con esta fecha se dio cumplimiento a lo dispuesto en el artículo 162 del Código de procedimiento Civil. **Valdivia,** 26 de Julio de 2004.

6/8/04

CONFORME CON SU ORIGINAL



Poder Judicial
CHILE

//TIFICO que la firma que antecede corresponde a la de don FERNANDO LEON RAMIREZ. Secretario de la Iltma. Corte de Apelaciones de Valdivia. Santiago, dos de marzo de 2005.

CARLOS A. MENESES PIZARRO
SECRETARIO
CORTE SUPREMA

El Ministerio de Justicia de Chile
Certifica la autenticidad de la firma de
don...

Santiago, 0 2 MAR. 2005

VERONICA LAGOS FRAGA
Oficial de Legalizaciones

Legalizada en el Ministerio
de Relaciones Exteriores de Chile
Firma del Señor

MANUEL VERDEJO M.
Oficial de Legalizaciones
-2 MAR 2005

MINISTERIO DE RELACIONES EXTERIORES
CHILE

Traducción oficial ☑    Auténtica ☐
Ejemplares .......    Idioma ..Español..

0 2 MAR. 2005

Plazo normal ☑ Urgente ☐    Extra-urgente ☐
N° 05 / 1666

# EXHIBIT D

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

## OFFICIAL TRANSLATION

Under the oath prescribed by article sixty-three of the Code of Civil Procedure of the Republic of Chile, I do hereby certify that the following translation from the Spanish original numbered 05/1666 is genuine. ------------------------------------ -------------------- RUBRICATO NE VARIETUR ---------------------

## COURT JUDGMENT

---------- The document whereof the translation follows hereinbelow is a certified true photocopy of a COURT JUDGMENT, issued in the Spanish language, signed; authorized and legalized according to Chilean laws, and reads as follows: --------------- ---------- One hundred and ten (110) ------------------------- ---------- Valdivia, July twenty-sixth, two thousand and four. ---------- The whereas clauses, findings of fact, and considerations of law of the appealed judgment, except for whereas clause ninth which is eliminated, are reproduced. ------

REDACTED

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1666    P. 2.

- // -----------------------------------------------------------

---------- And in their stead the following is inserted; and further bearing in mind: -----------------------------------------

---------- That the second instance judgment by the Honorable Court of Appeals of San Miguel on Authority to Exit the Country in respect of the minor ██████████ on pages 94 and 95 has resolved under the second whereas clause the visitation right of the father during the vacation period of the minor in the country where her mother will reside, without prejudice to other rights that the father may claim in time. And further, having regard to the provisions of articles 186 et seq of the Code of Civil Procedure and article 37 of Law No. 16,618, the appealed judgment of April sixteenth two thousand and four, recorded on pages 99 through 102 is **HEREBY REVOKED** and instead it is adjudged that the claim for regulation of visitation rights is hereby admitted under the terms set forth in the above-mentioned judgment, that the visitation right is granted to the father during the vacation period of the minor in the country where her mother resides. -----------------------------

---------- July 28, 2004. -----------------------------------

---------- Let it be registered and returned. ------------------

---------- Docket No. 83-2004. --------------------------------

---------- Three illegible signatures -------------------------

---------- In agreement with its original ---------------------

---------- 08/06/04 -------------------------------------------

---------- Illegible signature --------------------------------

---------- Seal: COURT OF APPEALS - VALDIVIA - CLERK ----------

-------------------------------------------------------------

---------- Rendered by the **SECOND COURTROOM**, Justice PATRICIO

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1666    P. 3.

- // -----------------------------------------------------------

ABREGO DIAMANTTI, the Judicial Attorney, RUBY ALVEAR MIRANDA, and Associate Justice HÉCTOR MÉNDEZ EYSSAUTIER. Authorized by Mr. FERNANDO LEÓN RAMÍREZ, Clerk. ----------------------------

---------- Illegible signature ------------------------------

---------- In Valdivia, on this twenty-sixth day of July, two thousand and four, I served the foregoing judgment by DAILY REPORT. ------------------------------------------------------

---------- Illegible signature ------------------------------

---------- This is to certify that the provision of Article 162 of the Code of Civil Procedure has been enforced on this date. Valdivia, July 26, 2004. ----------------------------------

---------- In agreement with its original --------------------

---------- 08/06/04 ------------------------------------------

---------- Illegible signature ------------------------------

---------- Seal: COURT OF APPEALS - VALDIVIA - CLERK ----------

-----------------------------------------------------------

---------- THIS IS TO CERTIFY that the foregoing signature is that of Mr. FERNANDO LEÓN RAMÍREZ, Clerk of the Hon. Court of Appeals of Valdivia. Santiago, March second, 2005. -------------

---------- Illegible signature ------------------------------

---------- CARLOS A. MENESES PIZARRO ---------------------------

---------- CLERK - SUPREME COURT. ------------------------------

---------- Seal: SUPREME COURT OF JUSTICE - CHILE - CLERK ------

---------- The Ministry of Justice of Chile certifies the authenticity of the signature of Mr. Carlos Meneses. -----------

---------- Santiago, March 2, 2005 ----------------------------

---------- Illegible signature. -------------------------------

---------- VERÓNICA LAGOS FRAGA ---------------------------------

**REPÚBLICA DE CHILE**
MINISTERIO DE RELACIONES EXTERIORES

Doc. 05/1666    P. 4.

- // ----------------------------------------------------------

---------- Legalization Officer --------------------------------

---------- The Ministry of Foreign Affairs of Chile does hereby legalize the signature of Ms. V. Lagos. -------------------------

---------- Illegible signature. -----------------------------

---------- MANUEL VERDEJO M. -----------------------------------

---------- Legalization Officer --------------------------------

---------- March 2, 2005. --------------------------------------

---------- Seal: MINISTRY OF FOREIGN AFFAIRS - CHILE. -------
===============================================================

DONE at SANTIAGO, CHILE, on this 28th day of March, 2005.

ALEJANDRA VERGARA ZAPATA

TRANSLATOR

