THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OSCAR MANUEL REYES PASTÉN, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No. 2:06-cv-832-MHT |
| vs. ) | |
| ) | |
| FLAVIA CECILIA RUIZ VELÁSQUEZ, ) | |
| ) | |
| Respondent. ) | |

### MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND FOR ENTRY OF AN INJUNCTION

This case is set for hearing on October 11, 2006, but the Court's temporary restraining order ("TRO") preventing the removal of RMRV from its jurisdiction expires on October 3, 2006. As permitted by FRCP 65(b), Reyes asks the Court to extend the TRO by less than ten days to cover the entire period leading up to the October 11, 2006 hearing. Reyes further asks the Court to enter an injunction at the hearing preventing RMRV from leaving its jurisdiction pending her return home to Chile.

### BACKGROUND

1.   On September 9, 2006, petitioner Oscar Manuel Reyes Pastén ("Reyes") filed a Petition For The Return Of A Child Under The Hague Convention On The Civil Aspects Of International Child Abduction (the "Petition"), which is incorporated herein by reference. As demonstrated in the Petition, Ruiz has wrongfully retained/removed Reyes's daughter, RMRV, within the meaning of The Hague Convention On The Civil Aspects Of International Child Abduction (the "Hague Convention"). The Petition seeks an order for Ruiz to return RMRV to her home in Chile.

2. On June 16, 2006, Reyes filed a petition[1] in the 85th Judicial District Court of Brazos County, Texas to register the Chilean orders granting him access rights to RMRV in accordance with the Texas Uniform Child Custody Jurisdiction and Enforcement Act.[2] The Texas court sent notice of the petition for registration to Ruiz at her residence in College Station, Texas. Ruiz signed a U.S. Postal Service receipt for the notice in College Station on June 23, 2006.[3]

3. Ruiz never objected to the registration and, on August 8, 2006, Reyes filed a petition in the Texas court to enforce his access rights to RMRV.[4] On August 17, 2006, a Brazos County Sheriff went to Ruiz's residence in College Station, Texas to serve her with the petition to enforce,[5] and a notice for a hearing on it that was scheduled for August 25, 2006.[6] Upon arrival, the Sheriff learned that Ruiz no longer lives at that address.[7] The new occupants of that address informed the Sheriff that they had been living there since July 14, 2006. Investigation revealed that Ruiz is now living in Montgomery, Alabama, where she has been served with the petition in this action.[8] Thus, Ruiz left Texas with RMRV sometime between June 23, 2006 and July 14, 2006 after receiving notice that Reyes was seeking to enforce his custody rights in Texas. Reyes was then forced to abandon his Texas action and file this action in Alabama seeking RMRV's return home to Chile under the Hague Convention.[9]

---

[1] Cause. No. 06-001525-CV-85.

[2] TEX. FAM. CODE § 152.305.

[3] Doc. 3 at Ex. 1 (United States Postal Service receipt).

[4] Doc. 3 at Ex. 2 (copy of the Texas petition).

[5] Doc. 3 at Ex. 3 (August 28, 2006 letter from Sergeant Thomas L. Randall of the Brazos County Sheriff's Office).

[6] See Doc. 3 at Ex. 4 (letter to Texas court canceling hearing).

[7] Doc. 3 at Ex. 3.

[8] Doc. 3 at Ex. 3.

[9] Doc. 3 at Ex. 5 (nonsuit of Texas action).

4.     On September 22, 2006, the Court issued the TRO [Doc. 14] enjoining and restraining Ruiz from removing RMRV from the Court's jurisdiction without prior approval. The same order also set a hearing for October 11, 2006, presumably to determine the merits of Reyes's petition under the Hague Convention.

5.     The Court's September 22, 2006 TRO preventing the removal of RMRV from its jurisdiction expires on October 3, 2006[10]—less than ten days before the October 11, 2006 hearing. To prevent RMRV from being removed from the Court's jurisdiction before the October 11, 2006 hearing, Reyes asks the Court to extend the TRO in accordance with Rule 65(b) to cover the entire period leading up to and including the hearing. Reyes further asks the Court to enter an injunction at the hearing preventing RMRV from being removed from its jurisdiction pending RMRV's return home to Chile.

6.     In the alternative, Reyes asks the Court to set a hearing at the earliest possible time for the purpose of entering a preliminary injunction before the TRO expires on October 3, 2006. In accordance with Rule 65(b), such hearings take precedence of all matters except older matters of the same character. The preliminary injunction should mirror the terms of the September 22, 2006 TRO and prevent RMRV from leaving the Court's jurisdiction pending a decision on the merits of Reyes's petition under the Hague Convention.

## ARGUMENT & AUTHORITIES

**A.     The Court Should Extend The TRO**

7.     Under Federal Rule of Civil Procedure 65(b), a court may extend a temporary restraining order if the requesting party files a motion showing good cause before the temporary

---

[10]   FED. R. CIV. P. 65(b).

**MOTION TO EXTEND TEMPORARY RESTRAINING ORDER
AND FOR ENTRY OF AN INJUNCTION —Page 3**

restraining order expires.[11]  In this case, the TRO has not expired.  And good cause exists to extend the TRO because the same dangers identified in the Motion for *Ex Parte* Temporary Restraining Order [Doc. 3] that caused the Court to issue the TRO just four days ago are still present.  Specifically, unless Ruiz is further enjoined, the TRO will expire on October 3, 2006 and nothing will prevent Ruiz from fleeing the Court's jurisdiction with RMRV before the October 11, 2006 hearing, similar to what happened in the Texas action.  Therefore, the Court should extend the TRO under Rule 65(b) to cover the period leading up to and including the October 11, 2006 hearing on the merits.  Doing so will merely preserve the status quo, and will not cause any significant inconvenience to RMRV.  Moreover, the Court will be able to hear full argument on an injunction at the October 11, 2006 hearing.

### B.    The Court Should Issue An Injunction

8.    The Court should issue an injunction preventing RMRV from being removed from the Court's jurisdiction pending her return to Chile.  If the Court extends the TRO, Reyes asks the Court to consider this motion for injunction at the October 11, 2006 hearing.  But if the Court declines to extend the TRO, Reyes asks the Court to set a hearing for a preliminary injunction "at the earliest possible time," as required by Rule 65(b).

9.    The International Child Abduction Remedies Act[12] ("ICARA") implemented the Hague Convention in the U.S.[13]  Section 11604(a) of ICARA specifically authorizes courts to "take or cause to be taken measures under Federal or State law . . . to prevent the child's further removal or concealment before the final disposition of the petition."  One such measure is

---

[11]   FED. R. CIV. P. 65(b); S.E.C. v. Comcoa, 887 F.Supp. 1521, 1526 (S.D. Fla. 1995).

[12]   42 U.S.C. § 11601-11610 (1988).

[13]   United States Department of State regulations implementing the Convention and ICARA can be found at 22 C.F.R Part 94.

injunctive relief under FRCP 65.[14]

10. The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief is to be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.[15] This case satisfies each of the four requirements.

*1.     There Is A Substantial Likelihood That Reyes Will Succeed On The Merits*

11. In Morgan v. Morgan, the petitioner father filed a Hague Convention petition alleging that the respondent mother had removed their six-year-old from their home in England without his consent and taken her to the State of Iowa.[16] The father also alleged that the mother had plans to move to a different jurisdiction, so he sought an *ex parte* temporary restraining order prohibiting the removal of the child from the court's jurisdiction pending a hearing on the merits of the father's Hague Convention petition. The Morgan court found that the father's Hague Convention petition satisfied the first requirement because it demonstrated his rights of custody under English law, and his right to relief under the Hague Convention.[17]

12. Just as in Morgan, Reyes's Petition demonstrates that he is entitled to the requested relief under the Hague Convention. Specifically, it sets forth in detail why RMRV has been wrongfully retained/removed within the meaning of the Hague Convention, and why the

---

[14] See Morgan v. Morgan, 289 F. Supp. 2d 1067 (N.D. Iowa 2003) (granting a TRO).

[15] Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); Butler v. Ala. Judicial Inquiry Comm'n, 111 F. Supp. 2d 1224, 1229 (M.D. Ala. 2000).

[16] Morgan, 289 F. Supp. 2d 1067.

[17] Morgan, 289 F. Supp. 2d 1069-70.

Court should order her returned home to Chile.[18] Thus, the first requirement for injunctive relief is satisfied.

2. *Reyes Will Suffer Irreparable Harm If Ruiz Flees The Court's Jurisdiction With RMRV*

13. The Morgan court also found the second factor satisfied because the father had only been allowed one telephone call with his child and there was evidence that the mother was likely to leave the court's jurisdiction upon receiving notice of the father's legal action.[19] Here, Reyes's verified Petition demonstrates that Ruiz has prevented him from having *any* contact with his daughter in over 2½ years.[20] As described above and in the Petition, moreover, Ruiz has already left one court's jurisdiction after learning that Reyes was seeking court assistance in gaining access to his daughter. Thus, Ruiz's pattern of conduct shows that she is determined to prevent Reyes from seeing his daughter no matter what, and is likely to leave the Court's jurisdiction if not enjoined from doing so. The second requirement for injunctive relief is, therefore, also satisfied.

3. *The Balance Of Harms Favors Entry Of A Preliminary Injunction*

14. Regarding the third factor, the Morgan court noted that maintaining the status quo by briefly preventing the minor from leaving the court's jurisdiction was an insignificant hardship compared to the risk posed by the mother's potential flight with the minor.[21] Here, Reyes is seeking a similar type of injunctive relief as the father in Morgan, so the same rationale applies. Thus, the third requirement for injunctive relief is also satisfied.

---

[18] Petition § VII.

[19] Morgan, 289 F. Supp. at 1070.

[20] Petition ¶ 14.

[21] Morgan, 289 F. Supp. at 1069-70.

*4.     Entry Of An Injunction Serves The Public Interest*

15.     The Morgan court found the fourth factor satisfied because the injunctive relief best served the public interests expressed in the Hague Convention and ICARA by maintaining the status quo until the parties could be heard in more complete arguments.  Such is the case here also, and the last requirement for injunctive relief is satisifed.

**C.     Security**

16.     Reyes has already posted the security required by the Court's September 22, 2006 order [Doc. 14].

**D.     Notice**

17.     In accordance with Federal Rule of Civil Procedure 65(a)(1), the applicant's attorney hereby certifies that notice of this motion is being served on Ruiz as indicated in the attached certificate of service.

## CONCLUSION

18.     Ruiz has already left one jurisdiction after Reyes started legal proceedings against her.  To prevent a similar incident, the Court should extend its September 22, 2006 TRO through the October 11, 2006 hearing.  In the alternative, the Court should – before the TRO expires on October 3, 2006 – conduct a hearing for the purpose of entering a preliminary injunction to preserve the status quo pending a decision on the merits of this action.  Doing so will not cause any significant inconvenience to Ruiz or RMRV.

19.     Regardless, Reyes asks the Court to enter an injunction at the October 11, 2006 hearing preventing RMRV's removal from the Court's jurisdiction pending her return home to Chile.  Reyes further asks the Court to grant him all other relief to which he is entitled.

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: _s/ Scott R. Dayton_
    Sylvia Mayer
    Texas State Bar No. 00787028
    sylvia.mayer@weil.com
    Scott R. Dayton
    Texas State Bar No. 24007093
    scott.dayton@weil.com
    Dolores Cavatore
    Texas State Bar No. 24027800
    dolores.cavatore@weil.com

700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone:    713-546-5000
Facsimile:    713-224-9511

**ATTORNEYS FOR PETITIONER**
**OSCAR MANUEL REYES PASTÉN**

**CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5, I certify that a copy of the MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND FOR ENTRY OF AN INJUNCTION was served on the parties listed and in the manner indicated below, on the 26th day of September, 2006:

>    *Via U.S. Postal Service Express Mail, overnight (Tracking No. EV/312289778 US)*
>    Flavia Cecilia Ruiz Velásquez
>    432 Townlake Place
>    Montgomery, Alabama 36117-6014

                                                                    /s/ Scott R. Dayton

HO1:\338640\02\79@_02!.DOC\99995.2438

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OSCAR MANUEL REYES PASTÉN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | C.A. No. 2:06-cv-832-MHT |
| ) | |
| FLAVIA CECILIA RUIZ VELÁSQUEZ, ) | |
| ) | |
| Respondent. ) | |

### ORDER EXTENDING TEMPORARY RESTRAINING ORDER

1. On September 22, 2006, the Court issued the Corrected Order And Injunction (Doc. 14, the "TRO") enjoining and restraining respondent Flavia Cecilia Ruiz Velásquez ("Ruiz") from removing RMRV from the Court's jurisdiction without prior approval. The same order also set a hearing on the merits for October 11, 2006.

2. The TRO expires on October 3, 2006—less than ten days before the October 11, 2006 hearing. Petitioner Oscar Manuel Reyes Pastén's ("Reyes") has moved the Court to extend the TRO through the October 11, 2006 hearing.

3. After considering petitioner Oscar Manuel Reyes Pastén's ("Reyes") Motion To Extend Temporary Restraining Order And For Entry Of An Injunction, the Court **FINDS** that the TRO is still in effect. The Court **FURTHER FINDS** that good cause exists to extend the TRO because the same dangers that caused the Court to issue the TRO are still present. Specifically, unless Ruiz is further enjoined, the TRO will expire on October 3, 2006 and Ruiz may flee the Court's jurisdiction with RMRV before the October 11, 2006 hearing and hide the whereabouts of minor child RMRV.

4. The Corrected Order and Injunction issued by this Court on September 22, 2006 is therefore **ORDERED EXTENDED**, and Ruiz is **ORDERED ENJOINED** as follows:

    a. Neither Ruiz, nor any person acting in concert or participating with her, including her attorneys and spouse, shall take any action to remove RMRV from the jurisdiction of this Court pending a determination by this Court on the Petition For The Return Of A Child Under The Hague Convention On The Civil Aspects Of International Child Abduction.

    b. The extended TRO shall expire at the conclusion of the October 11, 2006, 2006 hearing on the Petition For The Return Of A Child Under The Hague Convention On The Civil Aspects Of International Child Abduction, unless prior to that time, the order is extended, upon good cause shown, for a further ten days, the parties consent to a longer period, or the hearing is continued upon good cause shown and this order is extended until the time of such hearing.

    c. This temporary restraining order shall be binding upon the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this order.

5. At the October 11, 2006 hearing, the Court will consider the additional injunctive relief requested by Reyes.

SIGNED on the _____ day of _____, 2006 at _____ o'clock _____.m.

United States District Judge