IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| OSCAR MANUEL REYES PASTÉN, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | CIVIL ACTION NO. 2:06cv832-MHT (WO) |
| FLAVIA CECILIA RUIZ VELÁSQUEZ, ) ) ) | |
| Respondent. ) | |

OPINION

This lawsuit arises out of a dispute under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89, reprinted in 1988 WL 411501, implemented by the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11611.  In an opinion entered on October 27, 2006, this federal court agreed with petitioner Oscar Manuel Reyes Pastén that respondent Flavia Cecilia Ruiz Velásquez had, within the meaning of the Hague Convention,

wrongfully relocated their minor daughter RMRV to Montgomery, Alabama, and the court required that Ruiz return RMRV to Chile by no later than November 28, 2006. **Pastén v. Valasquez**, ___ F.Supp. 2d ___, 2006 WL 3227258 (M.D. Ala. 2006).

This lawsuit is once again before the court, this time on Ruiz's motion for an extension of time to allow her to return her daughter RMRV to Chile. Reyes opposes the motion. For the reasons that follow, that motion will be denied.

Ruiz and Reyes agree that this court gave Ruiz until November 28 in order to allow resolution of Ruiz's then-pending request in a Chilean court to extend the time she could keep RMRV out of Chile so that she could take her to Australia where Ruiz's husband now lives and works; this court did want to have RMRV returned to Chile, only to have her move again to Australia should the Chilean court grant Ruiz's request. **Pastén**, ___ F.Supp.2d at ___, 2006

WL 3227258 at *4.  The parties also agree that the Chilean court has now denied Ruiz's extension request.

Ruiz argues, however, that the denial of the extension request was procedural and not on the merits; indeed, the Chilean court denied the request "without prejudice," stating that "the decision to extend a previous decision that was already executed cannot be granted, but a new authorization could be requested."  Petitioner's Opposition to Motion for Extension of Time, Exhibit 1, Record of Chilean Court Proceeding (English translation), 3.  Ruiz says that she intends to file a new and separate petition in a few days.  Ruiz further argues that requiring that she take back RMRV back to Chile to resolve her custody dispute with Reyes would place a severe financial burden on her.

Reyes responds that Ruiz has now had a month and a half to have the Chilean courts resolve the question of whether she should be allowed to take RMRV to Australia; that a Chilean court has now denied her request; and that

it is now time for his rights under the Convention to be vindicated. He also complains that, when he was allowed to see RMRV immediately after the trial, it was only in the presence of Ruiz's family members and that since then he has been prohibited from having any direct contact with RMRV. He says he has yet to enjoy, as a parent, the company of his child and that, as things now stand, he will not be able to enjoy the privileges of fatherhood with his daughter over the upcoming Holiday Season.

The characterization of the Chilean order is, at this juncture, not dispositive. More important is that the parties' arguments about why the Ruiz's extension request to this court should be granted or denied clearly demonstrate that this court is now being sucked into a custody dispute (albeit perhaps a temporary, as opposed to a permanent, one) under Chilean law, and, under the Convention, this is not this court's role. This court, having now made its decision under the Convention, is being asked to decide who should have 'temporary custody'

of RMRV, that is, custody while Ruiz seeks relief in the Chilean courts to take RMRV to Australia, and, as demonstrated above, both Ruiz and Reyes make compelling arguments.  The difficult and heartrending questions (about parental privileges, relative hardships, financial and otherwise, and, above all, what is in RMRV's best interest) are classic child-custody issues and are simply for the Chilean courts, not this court, to answer.

As this court noted in its earlier decision in this case, "the purpose of the Convention is not to adjudicate custody rights in the State to which the child was removed, but rather 'to return to the status quo before the wrongful removal or retention.'"  Pastén, ___ F.Supp.2d at ____, 2006 WL 3227258 at *2 (quoting Ruiz v. Tenorio, 392 F.3d 1247, 1250 (11th Cir.2004)).  In other words, the purpose of the Convention is "to ensure that the rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States."  Convention, Art. I.  This court's

sole function, therefore, is to determine whether Reyes's rights under the Convention have been violated, and, if so, whether the child should be returned to her country of habitual residence.  Pastén, ___ F.Supp.2d at ____, 2006 WL 3227258 at *2.  This court is therefore prohibited, by the Convention, from functioning as a stand-in for the Chilean court properly vested with authority over RMRV's parents' dispute over custody, whether temporary or permanent.

Finally and perhaps most importantly, the Convention provides that, "Where a child has been wrongfully removed or retained [within the meaning of the Convention] … the authority concerned <u>shall</u> order the return of the child <u>forthwith</u>."  Convention, Art. XII (emphasis added).  Under the Convention, this court, having found that RMRV was wrongfully relocated to Alabama, must now return RMRV to Chile "forthwith."  The difficult questions as to who should have RMRV and where RMRV should reside while the Chilean courts resolve Ruiz's so-called anticipated

petition to take RMRV to Australia are for the Chilean courts. With RMRV's return to Chile these questions will follow her to be resolved there.

This court will therefore deny Ruiz's extension motion. The court will also modify its earlier injunction to allow Reyes to come to Montgomery, Alabama to take RMRV back to Chile himself. While Ruiz may accompany Reyes and RMRV back to Chile, the court believes, and so finds after further reflection and in light of Ruiz's past actions secreting RMRV, that there is a strong likelihood that Ruiz will flee with RMRV to Australia or another country other than Chile if she is allowed to accompany RMRV back to Chile by herself.

An appropriate supplemental judgment and injunction will be entered.

DONE, this the 1st day of December, 2006.

                                      /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE